IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JAMES MURRY,<br><br>            Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>            Defendant. | Case No. 1:06-cv-00001 (JKS)<br><br>ORDER |

## I - INTRODUCTION

This action sought review of the decision of the Commissioner to deny Plaintiff's application for disability insurance benefits and supplemental security income. This Court reversed the Commissioner's decision and remanded, granting Plaintiff's motion for summary judgment in part, and the Commissioner's cross-motion for remand. Currently before the Court is Plaintiff's motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Docket Nos. 33 (Mot.); 34 (Decl. of Counsel); 35 (Opp'n); 36 (Reply).

The Commissioner does not contest Plaintiff's eligibility for an award of attorney fees under the EAJA. The Government argues that Plaintiff should be awarded a lesser amount because time spent by Plaintiff's counsel filing an opposition to the Government's cross-motion for remand was not reasonably expended on the litigation. Essentially, the Government argues that counsel should not be paid for time spent on a motion that achieved no new benefit.

## II - BACKGROUND

Plaintiff filed an application for benefits in December 2002. His claims were denied initially and on reconsideration. A hearing was held in October 2004 before Administrative Law Judge

("ALJ") Adams in Juneau, Alaska.  In December 2004, ALJ Adams issued a decision denying Plaintiff's claims.  This decision became the final decision of the Commissioner when, on November 29, 2005, the Appeals Council denied Plaintiff's request for review.  Plaintiff then initiated the instant action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

In his motion for summary judgment, Plaintiff asked the Court to reverse the Commissioner's decision and remand his claim for a fair hearing before a different ALJ "who has no axe to grind with the *Smolen* precedent and who will follow the law."  Docket No. 23 at 27. After Plaintiff filed the motion for summary judgment, the Commissioner offered a stipulated remand, which Plaintiff rejected.  The Commissioner then filed a cross-motion for remand, conceding there were unresolved issues making remand for further administrative procedures appropriate, but arguing that assignment to a new ALJ was unwarranted because Plaintiff had failed to rebut the presumption that the ALJ was unbiased.  Docket No. 28 at 5-6.  Plaintiff opposed the cross-motion, arguing that the ALJ's bias was demonstrated by the number and quality of errors in the ALJ's decision, and the ALJ's belief that *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996), was limited to its facts.  Docket No. 30 at 2-4.

This Court found that the ALJ incorrectly limited *Smolen* to its facts, but that neither his erroneous conclusion of law or the number and quality of errors added up to a showing of bias.  The Court declined to order a new ALJ, but reversed the decision of the Commissioner and remanded the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

In January 2008, Plaintiff filed a timely motion seeking $2,189.60 in attorney fees pursuant to the EAJA.  Docket No. 33.  The Commissioner opposes the motion in part, arguing that the amount should be reduced to $1,738.80 because 2.8 hours of time spent opposing the Commissioner's cross-motion to remand were unreasonable.  Docket No. 35.  Plaintiff has replied, arguing that his client did benefit from the opposition to the cross-motion, and that he is now entitled under the EAJA to $2,994.60 in attorney fees, including five hours spent responding to the Commissioner's current opposition to the motion for attorney fees.  Docket No. 36.

/////

/////

## III - DISCUSSION

Under the EAJA, a "prevailing party" is entitled attorney fees incurred in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The prevailing party and substantial justification issues are merely threshold issues establishing general eligibility for attorney fees under the EAJA. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "It remains for the district court to determine what fee is reasonable." *Id*.

This determination begins by multiplying a reasonable rate by a reasonable amount of hours; this is the lodestar. *Id.* A district court should exclude from this initial calculation "hours that were not reasonably expended . . . [such as] hours that are excessive, redundant, or otherwise unnecessary." *Id*. at 433-34 (internal quotation marks omitted). Even after arriving at the lodestar, "[t]here remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Id*. at 434. Where a prevailing party has limited success, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id*. at 436.

The published cases delving into the propriety of awarding attorney fees under the EAJA for litigation subsequent to the Commissioner's offer of a stipulated remand are sparse. The district courts that have addressed the issue have varied on the degree of merit required to justify an award of fees for time spent unsuccessfully opposing the Commissioner's motion for or offer of remand.[1]

---

[1] *See e.g. Penrod v. Apfel*, 54 F. Supp. 2d 961, 963-64 (D. Ariz. 1999)(full fees awarded for a reply brief filed after the Commissioner's motion for remand because argument for remand for benefits was not frivolous); *McLaurin v. Apfel*, 95 F. Supp. 2d 111, 114-16 (E.D. N.Y. 2000)(district court declined to award any fees for time spent in unsuccessful opposition to the Commissioner's motion to remand because plaintiff could not have reasonably expected to prevail in her opposition); *Antonetti v. Barnhart,* 438 F. Supp. 2d 145, 147-48 (W.D. N.Y. 2006)(district court awarded full fees for the plaintiff's unsuccessful opposition to the Commissioner's motion for remand because the plaintiff had achieved several specific instructions on remand); *Uphill v. Barnhart*, 271 F. Supp. 2d 1086, 1091-95 (E.D. Wis. 2003)(district court awarded 20% of fees for plaintiff's unsuccessful opposition to remand

(continued...)

However, the Ninth Circuit has addressed this issue in a slightly different context. In *Atkins v. Apfel*, 154 F.3d 986 (9th Cir. 1998), the court addressed this issue in the context of a plaintiff who won remand for further administrative proceedings, and then on appeal unsuccessfully sought remand for an immediate award of benefits.

The plaintiff in *Atkins* sought reversal of the Commissioner's decision denying him disability insurance benefits. *Atkins*, 154 F.3d at 987. The district court found the ALJ had erred, vacated the Commissioner's decision and remanded for further administrative proceedings. *Id*. The plaintiff appealed, arguing that he was entitled to an immediate award of benefits rather than a remand for further proceedings. *Id*. The plaintiff lost his appeal and the district court's remand order was affirmed. *Id*. The plaintiff filed, and the district court granted, a motion for attorney fees under the EAJA, seeking fees and expenses for all phases of the litigation, including the unsuccessful appeal. *Id*. The Commissioner appealed, arguing that fees for the unsuccessful appeal were unreasonable. *Id*.

The court found that the district court had abused its discretion in awarding the appellate fees without subjecting them to the results obtained analysis articulated in *Hensley*. *Id*. at 989-90. Although the court remanded to allow the district court to apply the results obtained analysis, it noted that hours spent, which achieve no further benefit, should not be compensated. *Id.* at 988 (citing *Clark v. City of Los Angeles*, 803 F.2d 987, 993 (9th Cir. 1986) (prevailing party was not entitled to fees for appellate work which did not contribute to favorable result); *Outdoor Sys., Inc. v. City of Mesa*, 997 F.2d 604, 619 (9th Cir. 1993) (prevailing party, after securing change in municipal sign code, was not entitled to fees for subsequent litigation resulting in judicial invalidation of the defunct sign code)). Albeit in a slightly different situation, the Ninth Circuit appears to have mandated the result-oriented approach from *Hensley* for weighing the reasonableness of hours spent litigating after a plaintiff has already substantially prevailed.

---

[1](...continued)
because the plaintiff had secured slight benefits in the form of directives to the ALJ on remand).

In this case, the sole issue is the reasonableness of the attorney fees.[2] The Commissioner argues that the Plaintiff's requested fee should be reduced by 2.8 hours, the time attributable to Plaintiff's unsuccessful opposition to the Commissioner's cross-motion for remand.[3] Docket No. 35 at 5. As Plaintiff lost on the issue of ALJ bias, the only issue left after the Commissioner's offer of remand, the Commissioner argues the opposition to remand was unreasonable, causing additional delay and failing to enhance the result obtained. *Id*.

In reply, Plaintiff submits that the Commissioner is incorrectly making a "prevailing party" objection because it questions the benefit of the Plaintiff's motion in opposition.[4] Docket No. 36 at 2. Plaintiff also argues that the result was enhanced by Plaintiff's opposition because this Court, in discussing the bias claim, rendered an interpretation of *Smolen* favorable to the Plaintiff. *Id*. at 2-3.

First, the Court finds completely reasonable the .7 hours spent reviewing the proposed stipulated remand and consulting with Plaintiff. These tasks would have been professionally and ethically required, let alone reasonable, regardless of Plaintiff's decision to accept or reject the stipulation. Second, the Court finds a downward adjustment of 1.4 hours appropriate given the limited success of Plaintiff's opposition to remand. Third, the Court finds a downward adjustment of 2 hours appropriate for the fees on fees litigation.

From the time Plaintiff turned down the stipulated remand, the only claim remaining was Plaintiff's request for a different ALJ "who has no axe to grind with the *Smolen* precedent and who

---

[2]The Commissioner concedes that Plaintiff is the prevailing party in this case and that the position of the United States was not substantially justified. Docket No. 35 at 2. The Commissioner also concedes that the appropriate hourly rate is $161.00. *Id*. at 5.

[3]In pertinent part, Plaintiff's attorney avers working the following hours:
0.7 hr      2/6/07      Rcv & Rev proposed stipulated remand; client consult
0.7 hr      2/26/07     Rcv & Rev SSA Remand motion Dkt 28
1.4 hr      3/12/07     prep and submit Reply Brief Dkt 29
Docket No. 34 (Statement of Plaintiff's Counsel in Support of Mot.).

[4]This is clearly incorrect; a court, in considering the reasonableness of an award, must consider "the relationship between the amount of the fee awarded and the results obtained." *Atkins*, 154 F.3d at 988 (quoting *Hensley*, 461 U.S. at 437).

will follow the law." In this endeavor, Plaintiff had limited success. Although Plaintiff did not get a new ALJ, he attained an interpretation of *Smolen*, binding in this case, which partially achieved his end, an ALJ who will not limit *Smolen* to its facts. This victory was slight however as the Court made no comment on how *Smolen* will actually apply to the facts of Plaintiff's case. Given the slight results obtained, the Court finds a downward adjustment of 1.4 hours appropriate. Thus, of the 13.6 hours originally requested, 12.2 are found reasonable after the downward adjustment.

Plaintiff correctly points out that EAJA fees also apply to time spent litigating fees. *Commissioner, INS v. Jean*, 496 U.S. 154, 165 (1990). Plaintiff requests payment for an additional five hours spent responding to the Commissioner's opposition to his motion for EAJA fees. The results obtained analysis also applies to fee litigation. *Atkins*, 154 F.3d at 990. Given the results, the Court finds a downward adjustment of 2 hours appropriate. Thus, Plaintiff shall be compensated for 12.2 hours for work done prior to the fee litigation, and an additional 3 hours for work done during the fee litigation, for a total of 15.2 hours. At $161 per hour, Plaintiff will be awarded $2,447.20. This award shall be paid directly to Plaintiff's attorney.[5]

Accordingly, **IT IS THEREFORE ORDERED**:

Plaintiff's Motion for attorney fees at **Docket No. 33** is **GRANTED IN PART**. Plaintiff's request for additional fees at **Docket No. 36** is **GRANTED IN PART**. Plaintiff will be compensated for 15.2 hours of work at a rate of $161 per hour for a total of $2,447.20. This award of EAJA fees shall be paid directly to Plaintiff's attorney.

Dated this the 1st day of February 2008.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

---

[5] The Commissioner expressed concern that Plaintiff's attorney had not presented documentation showing that Plaintiff had assigned the right to collect the EAJA fee. Plaintiff's Reply has satisfied the Court that Plaintiff has assigned his right. *See* Docket No. 32, Attach. 1.